UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

**CASE NO: 5:24-cv-580**

CYNTHIA MICHELLE SESSOMS, individually and on behalf of all others similarly situated,

Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

v.

USHEALTH ADVISORS, LLC,

Defendant.
_________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S CORRECTED MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Plaintiff Cynthia Michelle Sessoms responds opposition to Defendant USHealth Advisors, LLC's Corrected Motion to Compel Arbitration and Stay Proceedings ("Motion" or "Mot."), [DE 18], and states:

## I. INTRODUCTION

Defendant is not a signatory to the agreement that contains the arbitration provision it seeks to enforce; a fact it ultimately concedes after falsely claiming that an agreement exists between it and Plaintiff. *See* Mot. at 14 ("Although USHA is not a signatory…"). To avoid the inevitable holding that it is not a third-party beneficiary with standing to enforce the arbitration provision, Defendant ignores binding precedent and asks this Court to send the question of whether it has a right to enforce the arbitration agreement it did not sign to an arbitrator. *See* Mot. at 14 (citations omitted).

This Court should deny Defendant's request because the Fourth Circuit has twice held that "a court, not an arbitrator, must determine whether a non-signatory to an agreement that contains an arbitration provision can enforce that provision against a signatory to the agreement." *Isernia v. Danville*

*Reg'l Med. Ctr.*, No. 22-2224, 2024 U.S. App. LEXIS 11806, at *2 (4th Cir. May 13, 2024) (citing *Rogers v. Tug Hill Operating, LLC*, 76 F.4th 279 (4th Cir. 2023) *cert denied*, No. 23-661, 144 S. Ct. 818 (2024)); *accord Newman v. Plains All Am. Pipeline, LP.*, 23 F.4th 393, 398-99 (5th Cir. 2022) (holding that it is for the court, not an arbitrator, to decide whether a litigant can enforce an arbitration agreement between two other parties); *see also Luna v. Tug Hill Operating, LLC*, Civil Action No. 5:23-CV-361, 2024 U.S. Dist. LEXIS 49628, at *18 (N.D.W. Va. Mar. 20, 2024) ("Thus, this Court must first resolve whether, as a matter of state contract law, defendant Tug Hill was authorized to enforce the Agreement between The Texan LLC and Gryphon.").

Having established that the question is properly before this Court and not an arbitrator, this Court should also hold that Defendant is not a third-party beneficiary entitled to enforce the arbitration agreement. Indeed, this Court need look no further than Defendant's one sentence argument on the issue based on a passing reference to "marketing partners" in the arbitration agreement to conclude Defendant is no more than an incidental beneficiary without standing under Delaware law. Accordingly, Defendant's Motion should be denied.

## II. ARGUMENT

### A. Defendant is not a Signatory to the Arbitration Agreement

Defendant initially argues that the parties entered into a valid arbitration agreement. Mot. at 7. This is not true as the Terms and Conditions are "**BETWEEN YOU, THE USER, AND US (THE OWNER OR OPERATOR OF THIS WEBSITE)**[,]" Ex. A to Kelly Declaration, [DE19-1], at 1, i.e., NextGen, and the arbitration agreement covers disputes between "You and we" with "we" defined as "NextGen Leads LLC ('we' or 'NextGen')", *Id.* at 1, 3. After arguing, for obvious reasons, that every question regarding arbitration should be sent to an arbitrator, Defendant acknowledges at the end of its brief that "is not a signatory," but "it can nonetheless enforce the Arbitration Agreement and

compel arbitration of Plaintiff's claims[,]" as a third party beneficiary. Mot. at 14-16. As discussed below, this Court, not an arbitrator, should decide whether Defendant has standing as a third-party beneficiary to enforce the arbitration provision, and should conclude that it does not.

### B. This Court Should Decide Whether Defendant is a Third Party Beneficiary to the Arbitration Agreement

In *Isernia*, the district court certified the following question to the Fourth Circuit, which is the same question that is before this Court:

> Whether a non-signatory to an arbitration provision that clearly and unmistakably incorporates arbitral rules delegating questions of "arbitrability" and "jurisdiction" to an arbitrator can move to compel arbitration of a third-party enforcement issue such that an arbitrator — and not a court — determines whether the non-signatory is entitled to enforce the arbitration provision against the signatory.

2024 U.S. App. LEXIS 11806, at *8.

In answering the question in favor of the plaintiff/appellant in the case, the Fourth Circuit applied its holding in *Tug Hill*, and held:

> That brings us to this case. The district court granted Appellees' motion to compel arbitration based on its mistaken belief that the incorporation of the AHLA rules in the Agreement automatically delegated all questions of arbitrability between the parties in this case to an arbitrator. J.A. 82. The district court was mistaken. In fact, the inclusion of the AHLA rules in the Agreement has no bearing on the parties' dispute here unless Appellees can show that they are entitled to enforce the Agreement. Absent such a showing, an arbitrator would have no authority to make any determinations in this matter because a party who cannot demonstrate its entitlement to enforce an agreement cannot be entitled to any of the agreement's provisions.

*Isernia*, 2024 U.S. App. LEXIS 11806, at *10-11.

Plaintiff respectfully submits that this Court should ignore Defendant's non-binding cases that may hold otherwise, and pursuant *Insernia* and *Tug Hill*, hold that this Court, not an arbitrator, decides whether Defendant has standing as a third-party beneficiary to enforce the arbitration agreement. As

discussed below, Defendant is not a third-party beneficiary as evidenced by the plain language of the agreement.

### C. <u>Defendant is not Entitled to Enforce the Plaintiff-NextGen Arbitration Agreement</u>

Plaintiff does not dispute Defendant's contention that Delaware law applies to the third-party beneficiary question, *see* Mot. at 7-8, 15, and this Court can therefore answer the question for Plaintiff and every putative class member that may have entered into an arbitration agreement with NextGen. Under Delaware law, only parties to a contract and intended third-party beneficiaries have standing to sue for breach of the contract. *See Crispo v. Musk*, C.A. No. 2022-0666-KSJM, 2022 Del. Ch. LEXIS 291, 2022 WL 6693660, at *2 (Del. Ch. Oct. 11, 2022); *Dolan v. Altice USA, Inc.*, C.A. No. 2018-0651-JRS, 2019 WL 2711280, at *7 (Del. Ch. June 27, 2019). An incidental beneficiary does not have standing. *Comrie v. Enterasys Networks, Inc.*, No. CIV. A. 19254, 2004 Del. Ch. LEXIS 196, 2004 WL 293337, at *2 (Del. Ch. Feb. 17, 2004). Accordingly, "if it was not the promisee's intention to confer direct benefits upon a third party, but rather such third party happens to benefit from the performance of the promise either coincidentally or indirectly, then the third party will have no enforceable rights under the contract." *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187 (3d Cir. 2001) ("Appellants have not offered any evidence that DuPont was anything more than an incidental third party beneficiary."). Notably, as is the case here, "[a] third party may benefit from the performance of the contract without acquiring third party beneficiary status." *Bromwich v. Hanby*, C.A. No. S08C-07-008, 2010 Del. Super. LEXIS 578, 2010 WL 8250796, at *2 (Del. Super. Ct. July 1, 2010).

"To determine whether the parties intended to make an individual a third-party beneficiary, the Court must look to the terms of the contract and the surrounding circumstances." *Hadley v. Shaffer*, No. 99-144-JJF, 2003 U.S. Dist. LEXIS 14106, 2003 WL 21960406 at *5 (D.Del. Aug. 12,

2003) (citing *Grand St. Artists v. Gen'l Electric. Co.*, 19 F. Supp. 2d 242, 253 (D.N.J. 1998)). Moreover, "the intention of the contracting parties is paramount in determining whether others have standing as third-party beneficiaries." *Hadley v. Shaffer*, No. CIV.A. 99-144-JJF, 2003 WL 21960406, at *5 (D. Del. Aug. 12, 2003) (citing *E.I. DuPont & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 197 (3d Cir. 2001)). "If the contract does not mention the third party by name or by general reference and if it does not contain language indicating an intent to confer a benefit on the third party, then the third party is not a third party beneficiary." *Merial Inc. v. Ceva Santé Animale S.A.*, No. 3:15-CV-40 (CDL), 2015 U.S. Dist. LEXIS 136517, at *12 (M.D. Ga. Oct. 7, 2015); *see also E.I. DuPont de Nemours*, 269 F.3d at 196 ("The arbitration clause itself anticipated only three beneficiaries to the Agreement, all of them parties…DuPont was not an intended third party beneficiary of the Agreement any more than any parent who expects to benefit from the success of the business ventures of its subsidiary.").

Defendant acknowledges that it must satisfy the following factors under Delaware law to be considered a third-party beneficiary, but fails to discuss a single one in its brief: "(a) the contracting parties must have intended that the third party beneficiary benefit from the contract, (b) the benefit must have been intended as a gift or in satisfaction of a pre-existing obligation to that person, and (c) the intent to benefit the third party must be a material part of the parties' purpose in entering into the contract." Mot. at 15 (quoting *MBIA Ins. Corp. v. Royal Indem. Co*., 294 F. Supp. 2d 606, 612 (D. Del. 2003)).

Here, the relevant factors weigh against finding Defendant is a third-party beneficiary. First, the arbitration provision does not mention Defendant by name, and there is no language anywhere reflecting an intent to confer a benefit or an enforceable right on Defendant. Rather, the agreement is only between Plaintiff and NextGen. *See* Mot. at 15 ("You and we agree…"). Second, there is no language reflecting

a direct benefit to Defendant in satisfaction of any pre-existing obligation. In other words, any benefit to Defendant from the agreement is merely incidental. Third, even if Defendant could should an intent to benefit it, there is certainly no intent to benefit that is *material* to Plaintiff's and NextGen's purpose in entering into the agreement. The only purpose of the agreement was to set dispute resolution guidelines between Plaintiff and NextGen, and NextGen's "affiliates, members, officers or directors[.]" *Id*. Defendant states in conclusory fashion that it is was an intended third-party beneficiary because of a passing reference in the agreement to "marketing partners". *See* Mot. at 15. But that clause merely references "marketing partners" in the context of disputes where NextGen might be alleged to be liable for the conduct of such partners. In other words, the language does not indicate that the "marketing partners" have independent rights under the agreement.

Notably, the only language that could arguably be interpreted as conferring third-party beneficiary status on Defendant is not found in the agreement signed by Plaintiff, but in the agreement that Defendant incorrectly filed with its first Motion. *See* Declaration of Chris Kelly, [DE 16], at Ex. A ("marketing partners are third party beneficiaries of…the arbitration provision of these Terms"). No such language exists in the agreement Defendant is attempting to enforce. Simply put, Defendant is a stranger to the agreement, an incidental beneficiary with no standing under Delaware law to enforce the agreement against Plaintiff or any putative class member that may have signed the agreement.

## III. CONCLUSION

Defendant is not entitled to enforce the arbitration agreement between Plaintiff and NextGen, and Defendant's Motion should therefore be denied.

**WHEREFORE**, Plaintiff respectfully requests an Order denying Defendant's Motion, and for such other relief deemed appropriate under the circumstances.

Dated: March 5, 2025

**HIRALDO P.A.**

*/s/ Manuel Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 305.336.7466
*Counsel for Plaintiff*
Appearing by special appearance pursuant to Local Rule 83.1(d)

DAVID M. WILKERSON
NC State Bar No. 35742
Attorney for Plaintiff
The Van Winkle Law Firm
11 N. Market Street
Asheville, North Carolina 28801
(828)258-299 (phone)
(828)257-2767 (fax)
dwilkerson@vwlawfirm.com
Local Civil Rule 83.1(d) Counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF Portal, which will send notice of filing and a service copy to all counsel of record.

*/s/ Manuel Hiraldo*
Manuel S. Hiraldo, Esq.